UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BUILDING SERVICE 32BJ PENSION FUND,

                    Plaintiff,

    v.                                    COMPLAINT

CREATIVE WINDOW CLEANING, INC.,
CREATIVE SERVICES, INC., NEW
CONCEPT FACILITY SERVICES, INC.
and ABC COMPANIES 1-10 (all other trades
or businesses under common control with
CREATIVE WINDOW CLEANING, INC.,
CREATIVE SERVICES, INC., and/or NEW
CONCEPT FACILITY SERVICES, INC.),

                    Defendants.
----------------------------------------------------------X

        Building Service 32BJ Pension Fund ("Fund"), by its attorneys, Raab, Sturm & Ganchrow, LLP., as and for its complaint against Creative Window Cleaning, Inc. ("Creative Window"), Creative Services, Inc. ("Creative Services"), New Concept Facility Services, Inc. ("New Concept") and ABC Companies 1-10 (All Other Trades or Businesses under Common Control with Creative Window Cleaning, Inc., Creative Services, Inc., and/or New Concept Facility Services, Inc.), (all collectively referred to herein as "Defendants"), alleges as follows:

### NATURE OF THE ACTION

    1.    This is an action commenced by the Fund to recover unpaid withdrawal liability, liquidated damages, interest, attorneys' fees, and costs within the meaning of Title VII of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), Section 4001 *et seq.*, 29 U.S.C. §1301 *et seq.*

### JURISDICTION AND VENUE

    2.    This Court has jurisdiction over this action pursuant to Sections 502(a)(3), (e)(1) and

(f), 4301 (c) and 4221 (b)(1) of ERISA, 29 U.S.C. §§1132(a)(3), (e)(1) and (f), 29 U.S.C. §1451(c), and 29 U.S.C. §1401(b)(1).

3. Venue is proper in this Court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d) in that the Fund maintains is principal office and place of business within the Southern District of the District of New York. Service of process may be made on Defendants in any other district in which they may be found, pursuant to Section 502 (e)(2) of ERISA (29 U.S.C. § 1132 (e)(2).

## PARTIES

4. The Fund is a Taft-Hartley trust fund with trustees equally represented by the Service Employees International Union, Local 32BJ (the "Union") and employers that contribute to the Fund. The Fund is established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §186(c)(5).

5. The Board of Trustees of the Fund is the plan sponsor of the Plan, an employee pension benefit plan within the meaning of Section 3(2) and (3) of ERISA, 29 U.S.C. §§1002 (2) and (3), and a defined benefit plan within the meaning of Section 3(35) of ERISA, 29 U.S.C. §1002(35), established and maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

6. The Plan is a multi-employer plan within the meaning of Sections 3(37) of ERISA, 29 U.S.C. §§1002(37), and is authorized to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

7. A. Upon information and belief, Creative Window, was a New Jersey corporation, established and maintained in accordance with the laws of the State of New Jersey, and registered to do business in the State of New York, with its principal place of business located at 103 Bergen

Avenue, in the Borough of Walwick, County of Bergen, State of New Jersey, 07463, and at material times herein was an employer within the meaning of Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §1002(5), (11), and (12), and Section 301(a) of LMRA, 29 U.S.C. §185(a).

7.  B.  At all times material herein, specifically through September 12, 2018, Creative Window was, and upon information and belief, it continues to be, registered with the New York State Department of State as in active status and that no Articles of Dissolution have been filed with the New York State Secretary of State pursuant to NY LLC Section 705.

7.  C.  Upon information and belief, at all times material herein, prior to May 2006, Patricia A. Eitner was the chief executive officer and principal executive officer of Creative Window and the sole shareholder thereof.

8.  A.  Upon information and belief, Creative Services, was a New Jersey corporation, established and maintained in accordance with the laws of the Sate of New Jersey, and registered to do business in the State of New York, with its principal place of business located at 163 Franklin Turnpike, in the Borough of Walwick, County of Bergen, State of New Jersey, 07463, and at material times herein was an employer within the meaning of Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §1002(5), (11), and (12), and Section 301(a) of LMRA, 29 U.S.C. §185(a).

8.  B.  At all times material herein, specifically through September 12, 2018, Creative Services was, and upon information and belief, it continues to be, registered with the New York State Department of State as in active status and that no Articles of Dissolution have been filed with the New York State Secretary of State pursuant to NY LLC Section 705.

8.  C.  Upon information and belief, at all times material herein prior to May 2006, Joseph F. Eitner was the chief executive officer and principal executive officer of Creative Services and the sole shareholder thereof.

9. Upon information and belief, Joseph F. Eitner and Patricia A. Eitner, are either spouses, siblings, or enjoy a parent-sibling relationship.

10. Prior to May 2004, Patricia A. Eitner was the sole shareholder of Creative Window.

11. Prior to May 2004 Joseph F. Eitner was the sole shareholder of Creative Services.

12. Pursuant to a Certificate of Merger filed with the New Jersey State Treasurer, effective May 16, 2006, Creative Window was merged into Creative Services, and Creative Services was to continue its existence as the surviving corporation under New Jersey law.

13. As a consequence of the merger as described above, the Patricia A. Eitner and Joseph F. Eitner were each allotted 50% of the shares of the merged company.

14. Upon information and belief, at or around the time that Creative Window was merged into Creative Services, as described above in paragraph 12, New Concept was incorporated in the State of Jersey, having a principal place of business at the same location as Creative Window, 103 Bergen Avenue, in the Borough of Walwick, County of Bergen, State of New Jersey, 07463, and at all times material herein since said date of incorporation, to date, Patricia A. Eitner has been, and she continues to be, the sole shareholder of New Concept.

15. At all times material herein, specifically through September 12, 2018, New Concept was, and upon information and belief, it continues to be, registered with the New York State Department of State as in active status as authorized to do business in New York, and that no Articles of Dissolution have been filed with the New York State Secretary of State pursuant to NY LLC Section 705.

16. Upon information and belief, at all times since the merger of Creative Windows into Creative Services, as described above in paragraph 12, both entities continued to do business as Creative Windows, until in or around sometime in 2018, when Creative Windows ceased being a

contributing employer to the Fund and withdrew from the fund as will be described below.

17. Upon information and belief, Creative Window, Creative Services, New Concept and ABC Companies 1-10 (all other trades or businesses under common control with Creative Window, Creative Services and New Concept) are each a "trade or business under common control" with Creative Window, pursuant to Section 4001 (b)(1) of ERISA, 29 U.S.C. §1301(b)(1), Section 414(c) of the IRC as amended, and regulations promulgated thereunder (herein sometimes referred to as the "Control Group"), and are jointly and severally liable for all withdrawal liability payments, with Creative Window.

18. At all times material herein, until in or around June 2018, Creative Window was a contributing employer to the Fund, making monthly contributions to the Fund on behalf of Creative Window's employees, who were covered by successive collective bargaining agreements between Creative Window and Service Employees International Union, Local 32BJ.

18. In or around June, 2018, Creative Window permanently ceased to have an obligation to contribute to the Plan. The permanent cessation of the obligation to contribute constituted a complete withdrawal from the Fund as defined by Section 4203(a)(1) of ERISA, 29 U.S.C. §1383(a)(1).

19. By completely withdrawing from the Plan, Creative Window incurred withdrawal liability to the Fund pursuant to Section 4201 of ERISA, 29 U.S.C. §1381.

20. By letter dated June 12, 2018, the Fund notified Creative Window, by mailing such notice to Creative Window's last known address, to wit, 103 Bergen Avenue, Waldwick, New Jersey, of its complete withdrawal from the Plan, and that it owed the Fund withdrawal liability in the amount of $351,434.00, which could be paid in a lump sum or in one-hundred and twenty-seven monthly installments of $3,838.60, installments beginning no later than August 13, 2018, with a final

installment of $1,257.88. The letter further advised that Creative Window had the right to arbitral review of the Fund's determination of the withdrawal liability.

21.  Creative Window declined to accept the letter and it failed to pay the withdrawal liability installment payments of August 13 and September 13, 2018, as and when same came due.

22.  Creative Window failed to request arbitration of the Fund's determinations.

23.  Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), and in accordance with the Fund's rules, upon the default and failure to cure, the Fund accelerated Creative Window's withdrawal liability payment due to Creative Window's default and in accordance with the Fund's rules.

24.  To date, the Fund has not received any payment of the withdrawal liability amount from Creative Window, nor has the Fund received any payment from any other member of the Control Group.

25.  By the same letter of June 12, 2018, along with the Demand for Payment of Withdrawal Liability, the Fund included a Request for Information pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(a).

26.  To date, Creative Window has not provided any responses.

## COUNT ONE

27.  The Fund repeats and realleges each and every allegation in the paragraphs 1 through 26 set forth above as if fully set forth herein.

28.  The Fund is entitled to full payment of Creative Window's outstanding withdrawal liability in the amount of $351,434.00, pursuant to Section 4301 of ERISA, 29 U.S.C. §1451 and the Plan.

29.  The Fund is entitled to collect pre-judgment interest at the rate of 9% per annum on

the outstanding withdrawal liability calculated from the acceleration date pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(c)(6) and the Plan.

30. The Fund is entitled to collect liquidated damages in the amount of 20% of the outstanding balance of the withdrawal liability, plus attorneys' fees and costs, pursuant to Sections 29 U.S.C. 1451 (b) and 29 U.S.C. §1132(g)(2) and the Plan.

## COUNT TWO

31. The Fund repeats and realleges each and every allegation in the paragraphs 1 through 30 set forth above as if fully set forth herein.

32. Pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(a), the Fund is entitled to full and complete responses from each of the Defendants to the Fund's Request for Information concerning the entities under "common control" with Creative Window.

## COUNT THREE

33. The Fund repeats and realleges each and every allegation in the paragraphs 1 through 32 set forth above as if fully set forth herein.

34. Upon information and belief, Creative Window, Creative Services and New Concept are each trades or businesses under common control with each other pursuant to Section 4001 (b)(1) of ERISA, 29 U.S.C. §1301(b)(1), Section 414(c) of the IRC as amended, and regulations promulgated thereunder, and are therefore, jointly and severally liable for all withdrawal liability payments, interest, liquidated damages, costs and attorney's fees.

35. As a consequence of the above, each of the Defendants is jointly and severally liable to the Fund for the withdrawal liability of $351,434.00, statutory and contractual pre-judgment

interest at the rate of 9%, statutory and contractual liquidated damages of 20% of the unpaid principal, attorneys fees and costs of this action.

WHEREFORE, the Fund respectfully requests the following judgment in favor of the Fund and against Defendants:

1. That Defendants be held jointly and severally liable for the outstanding withdrawal liability in the amount of $351,434.00.

2. That Defendants be held jointly and severally liable for the full amount of the prejudgment interest attributable to the withdrawal liability;

3. That Defendants be held jointly and severally liable for the liquidated damages attributable to the withdrawal liability computed at the rate of 20% of the outstanding withdrawal liability.

4. That Defendants be held jointly and severally liable for the Fund's costs and expenses incurred in connection with this action, including its reasonable attorneys' fees;

5. That Defendants be compelled to provide the Fund with full and complete responses to the Fund's request for information concerning commonly controlled businesses; and

6. That the Fund shall have such other and further relief as the Court shall deem just and proper.

Dated: Fort Lee, New Jersey
October 11, 2018

Raab, Sturm & Ganchrow, LLP

By _____
Ira A. Sturm (IS 2042)
2125 Center Avenue, Suite 100
Fort Lee, New Jersey 07024
201-292-0150; fax: 201-292-0152
isturm@rsgllp.com